UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil No. 3:17-cr-0016-GFVT-REW |
| V. | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| RONNIE C. RODGERS, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Government filed a notice of its intention to introduce evidence of Mr. Rodgers's criminal history and prior bad acts. [R. 31.] At the final pretrial conference for this matter, counsel for Mr. Rodgers made an oral motion to exclude that evidence. [R. 43.] For the following reasons, Mr. Rodgers's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I**

On December 7, 2017, Mr. Ronnie C. Rodgers was charged by indictment with one count conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and securities fraud in violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240-10b-5, all in violation of 18 U.S.C. § 371. [R. 1.] A few weeks ago, the Government filed notice of its intent to present evidence of prior bad acts at trial. [R. 31.] Mr. Rodgers objects, stating the introduction of these acts would be unfairly prejudicial. [R. 36.]

The Government seeks to introduce five prior bad acts of Mr. Rodgers: a guilty plea for criminal solicitation to commit murder from 1990; a guilty plea to misdemeanor wanton

endangerment from 1988; a conviction for misdemeanor theft by deception from 1982; a 2011 temporary restraining order against Mr. Rodgers, his brother Rickey Rodgers, and Rick-Rod Oil Company, Inc., to prevent them from selling and/or making offers to sell interests in oil and gas programs; and a 2015 Order of Permanent Injunction against Mr. Rodgers enjoining him from working in the securities industry for five years. [R. 31 at 2–3; R. 33.] The Government argues that Mr. Rodgers had a duty to make his investors privy to this information when he asked them to invest in an oil operation with him. [R. 31 at 4.] Therefore, the Government continues, evidence of his history and convictions should be admissible as intrinsic to the offense or background evidence. *Id*. at 5. The Government contends that Mr. Rodgers's history is admissible as *res gestae*, not subject to analysis under Federal Rule of Evidence 404(b) and survives an analysis under Federal Rule of Evidence 403. *Id*. at 5–9.

## II

### A

Generally, the Government may not introduce evidence of prior bad acts at trial because of the concern that the introduction of such evidence may lead to an improper guilty verdict. Fed. R. Evid. 404. In some limited circumstances, however, the Government may introduce evidence of past conduct if the conduct is sufficiently tied to the presently charged offense. As has been explained by the Sixth Circuit:

> [p]roper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011) (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). When background or *res gestae* evidence is presented in this way, it is not subject to the strictures of Rule 404(b). *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (citing *United States v. Clay,* 667 F.3d 689, 697 (6th Cir. 2012)). The United States claims that evidence of Mr. Rodgers's 1988 plea to wanton endangerment, 1990 plea to solicitation, 1982 conviction for theft by deception, 2011 temporary restraining order, and 2015 permanent injunction are all admissible as background evidence because they are "intrinsic evidence" and directly probative of allegations contained in the indictment. [R. 31 at 6–7.]

First, the Court must consider whether the evidence the Government seeks to introduce has a sufficient "causal, temporal, or spatial connection with the charged offense." *Marrero*, 651 F.3d at 471 (quoting *Hardy,* 228 F.3d at 748). While several of the convictions took place far before the crime currently being prosecuted, the Government argues that Mr. Rodgers's past convictions and injunction are sufficiently connected because they are intrinsic to and directly probative of the present allegations. [R. 31 at 6–7.] In Count 1 of the Indictment, Mr. Rodgers is charged with conspiracy to commit mail fraud, wire fraud, and securities fraud. [R. 1.] Therein, the Indictment alleges Mr. Rodgers and his associates "failed to disclose material facts to investors," including that he was a convicted felon and that he had been "enjoined by the Commonwealth of Kentucky from offering investments in oil and gas." *Id*. at 5–6. To prove mail fraud or wire fraud, the Government must show Mr. Rodgers's "scheme included a material misrepresentation or concealment of a material fact." Sixth Circuit Pattern Jury Instructions, *10.01 Mail Fraud (18 U.S.C. § 1341)*; Sixth Circuit Pattern Jury Instructions, *10.02 Wire Fraud (18 U.S.C. § 1343)*. Information is "material" if there is a "substantial likelihood that the

3

disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *United States v. Donohue*, 726 F. App'x 333, 342 (6th Cir. 2018) (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988)).

As an initial matter, Mr. Rodgers's convictions for theft by deception (1982) and wanton endangerment (1988) are not felonies, and therefore, not probative of his failure to disclose that he was a convicted felon. However, in the Government's eyes, investors would have considered Mr. Rodgers's criminal history as important when deciding whether or not to invest with him. And so, they argue that his past unlawful conduct is admissible to show that he made material misrepresentations when promoting the oil scheme.

The Sixth Circuit has confirmed that evidence of a previous injunction related to the offering securities for sale or selling securities is admissible under this analysis. *United States v. Ramer*, 883 F.3d 659, 669 (6th Cir. 2018). The facts of the 2011 Temporary Restraining Order and 2015 Permanent Injunction are the same facts that Mr. Rodgers allegedly concealed from investors, and thus those facts are relevant for the purposes of Rule 404(b). *See id*. The conspiracy indicted against Mr. Rodgers runs from 2007 to December 2017, during which time both the Temporary Restraining Order and Permanent Injunction were entered against him. [*Compare* R. 1 at 3 *with* R. 33 at 147 *and* R. 33 at 150.] This evidence has a temporal connection with the charged offense, "is directly probative of the charged offense, arises from the same events as the charged offense," and "completes the story of the charged offense." *Marrero*, 651 F.3d at 471. Therefore, the 2011 Temporary Restraining Order and 2015 Permanent Injunction are admissible as proper background evidence.

4

The three other convictions provide a closer call. The two violent crimes, wanton endangerment and solicitation to commit murder, have no temporal or spatial connection with the charged crime. The wanton endangerment occurred in 1988, but the Court has few additional details. The record provides the relevant dates, charge, conviction, and sentence, but little else. [R. 33 at 28.] Further, he was convicted for solicitation to commit murder in 1990, nearly twenty years before the charged conspiracy began. The conviction for theft by deception occurred twenty-five years before the charged conspiracy, and though the subject matter may be similar, the record does not indicate any casual connection or shared facts with this conspiracy. Similar to the conviction for wanton endangerment, the record provides dates and logistical information, but no facts. However, in securities fraud, a false assertion or omission is material if there is a "substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Donohue*, 726 F. App'x at 342 (quoting *Basic Inc.*, 485 U.S. at 231–32). Here, there is a substantial likelihood that the disclosure of Mr. Rodgers's criminal history would have altered the "total mix of information made available." Investors would likely not have been as interested in trusting Mr. Rodgers had they known of his previous encounters with the law. However, such a finding does not exempt this evidence from scrutiny under Federal Rule of Evidence 403.

**B**

Once a court finds evidence to be *res gestae*, the Court must still find that the danger of unfair prejudice does not substantially outweigh the probative value of the evidence pursuant to Federal Rule of Evidence 403. *United States v. Churcn*, 800 F.3d 768, 779 (6th Cir. 2015).

Specifically, the Court must determine whether the probative value of the evidence is *substantially* outweighed by the danger of unfair prejudice. *Id*. at 440. Only in those instances where unfair prejudice is that much weightier than probativeness does this stage of the analysis require exclusion. A certain degree of prejudice is presumed to occur when "other acts" evidence is introduced, even when done so for a legitimate purpose. "[R]egardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person . . . and that if he 'did it before he probably did it again.'" "[F]inally, the district court must determine whether the 'other acts' evidence is more prejudicial than probative." *United States v. Bell*, 516 F.3d 432, 444 (6th Cir. 2008) (quoting *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994)). As a result, the Court must carefully consider the prejudice inherent in each piece of contested criminal history evidence when compared to its corresponding probativeness before ruling on its admissibility, and only in instances where there is a *substantial* risk of prejudice is it proper to exclude evidence on this ground. The Court has broad discretion when ruling on admissibility. *Journey Acquisition–II L.P. v. EQT Production Company*, 830 F.3d 444, 458 (6th Cir. 2016).

The Court has considered this question and concluded that some of the evidence the Government seeks to introduce will be prejudicial, but not unfairly so. Evidence of the 2011 Temporary Restraining Order and 2015 Permanent Injunction is highly probative of whether Mr. Rodgers and his associates "failed to disclose material facts to investors." In an effort to minimize prejudice to Mr. Rodgers, the Court will incorporate jury instructions that advise the jury of the proper uses of the prior bad act information. *See United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996) ("The magnitude of that risk might well have been reduced by a

clear and concise instruction identifying for the jurors the specific purpose for which the evidence was admissible and limiting their consideration of the evidence to that purpose.").

However, the Court also concludes that introduction of the other criminal activity will be unfairly prejudicial to Mr. Rodgers. While his previous convictions for theft by deception, wanton endangerment, and solicitation to commit murder are likely to have altered the "total mix of information made available" to potential investors, and that evidence is probative of Mr. Rodgers's failure to make material disclosures, the probative value of such evidence is substantially outweighed by the risk of prejudice. As stated before, Mr. Rodgers's convictions for theft by deception and wanton endangerment are not felonies, and therefore, not probative of his failure to disclose that he was a convicted felon. His conviction for solicitation of murder is a felony, and therefore probative of his status as a convicted felon, but the horrifying nature of this crime may color the jury's opinions of Mr. Rodgers beyond what a jury instruction will be able to cure. Furthermore, these convictions occurred, at minimum, *seventeen years* prior to the alleged beginning of the conspiracy. Such an attenuated temporal connection to the conduct charged in the indictment diminishes the probative value of such evidence.

### III

Having fully considered the issues, the Court hereby concludes that the Government may generally refer to Mr. Rodger's 2011 Temporary Restraining Order and 2015 Preliminary Injunction surrounding the offering of oil securities as background evidence. The Government may not, however, refer to Mr. Rodger's 1990 criminal solicitation conviction, 1988 wanton endangerment conviction, and the 1982 theft by deception conviction as background evidence. If Mr. Rodgers does decide to testify, the Court will consider the admission of evidence of his

7

past convictions for impeachment purposes during the course of trial. Accordingly, and the Court being otherwise sufficiently advised, Mr. Rodgers's Oral Motion to Exclude Evidence of Criminal History is **GRANTED IN PART** and **DENIED IN PART**.

This the 27th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge