UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>RONNIE C. RODGERS,<br><br>Defendant. | Criminal No. 3:17-cr-0016-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Ronnie C. Rodgers's motion for release pending appeal. [R. 85.] Because he has not adequately raised a substantial question of law or fact likely to result in reversal, this motion must be **DENIED**. *See* 18 U.S.C. § 3143(b).

**I**

The facts of this case have been recited several times over the course of litigation, but a brief summary is helpful here. Mr. Ronnie Rodgers was charged on December 7, 2017 with one count conspiracy to commit mail fraud, wire fraud, and securities fraud in violation of 18 U.S.C. §§ 1341 and 1343, 15 U.S.C. § 78j(b), and 17 C.F.R. § 240-10b-5. [R. 1.] According to the indictment, from 2007 through 2017, Mr. Rodgers and his associates executed a scheme to sell oil and gas leases in geographical areas where Mr. Rodgers knew the leases would not produce enough oil or gas to provide a return of the investments. *See id*.

Over the course of trial, the Government sought to prove Mr. Rodgers and his associates made materially false representations to potential investors designed to "induce investors to

invest in oil and gas contracts; further induce them to provide additional funds after their first investment; and, to lull and pacify investors when they complained about a lack of return on their investment." [R. 1 at 4.] The jury found Mr. Rodgers guilty of the sole count in the indictment. [R. 64.] During and after trial, Mr. Rodgers filed motions for acquittal pursuant to Rule 29. [R. 59; R. 61; R. 74.] All of these motions have been denied. [R. 77.] On January 9, 2019, Mr. Rodgers was sentenced to forty-eight months imprisonment. [R. 88; R. 90.] He has since filed a notice of appeal. [R. 93.]

Mr. Rodgers now requests release pending appeal pursuant to 18 U.S.C. § 3143(b)(1), citing substantial questions of law and fact. He raises the same claim as his post-conviction motion, arguing that the evidence presented by the Government is insufficient to sustain a conviction, with the added concern that this Court erred in denying his Rule 29 motion. The Court has already addressed these issues in a previous order. [R. 77.] However, Mr. Rodgers asks this Court to grant release pending appeal because a favorable Sixth Circuit decision would result in reversal or a reduced sentence.

## II

The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988), *cert. denied*, 488 U.S. 893 (1988). In order to be released pending appeal, a defendant must establish two things: first, he must show, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community; and second, that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18

U.S.C. § 3143(b); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002); *Vance*, 851 F.2d at 167 (noting that defendant bears the burden of overcoming statutory presumption of detention). Because the Court finds no substantial question of law or fact, and such a finding is dispositive, the Court declines to address whether Mr. Rodgers is a danger to the community or a flight risk.

In determining whether a question on appeal raises "a substantial question of law or fact," a Court does not need to find that it committed reversible error. *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). To determine whether the question is, in fact, substantial, "a judge must essentially evaluate the difficulty of the question he previously decided." *United States v. Sutherlin*, 84 F. App'x 630, 631 (6th Cir. 2003) (*quoting United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986)). It must be a "close question" that can "go either way." *Pollard*, 778 F.2d at 1182 (citations omitted). The defendant bears the burden of proving the substantiality of the question. *Vance*, 851 F.2d at 167.

As an initial matter, Mr. Rodgers places significant emphasis on the Court's decision to reserve ruling on the Rule 29 motion at the close of the Government's case. [R. 85 at 2–3.] However, contrary to these assertions, this does not signify a close question. Rule 29(b) permits a court to reserve ruling on such a motion, so long as the court decides the motion on the basis of the evidence presented at the time the ruling was reserved. Nothing in the rule restricts a court's ability to reserve ruling only in cases where there may be a close question, nor does Mr. Rodgers point to any law establishing a connection between the two. This Court reviewed Mr. Rodgers's Rule 29 motion under this framework, applied clear precedent, and determined the Government had clearly presented sufficient evidence. [R. 77.]

Mr. Rodgers claims, "Clearly, there was a close question *at best* evidence [sic] whether there was sufficient evidence that an overt act *in furtherance of the alleged conspiracy* occurred within the relevant statute of limitations period." [R. 85 at 2–3.] He maintains that the continuation of the alleged conspiracy presents a close question of fact which an appellate court could use to determine the conviction is time barred. *Id*. at 3. However, the Court has already determined that the jury could reasonably find Mr. Rodgers continued committing overt acts in furtherance of a conspiracy to defraud after December 6, 2012. [R. 77 at 10.]

Just as with his argument in his Rule 29 motion, Mr. Rodgers relies on the fact that Rick-Rod Oil ceased to exist before December of 2012, and therefore, the conspiracy did not continue through December 6, 2012. [R. 85 at 3.] The Court relied on clear Sixth Circuit law to reject this argument, and Mr. Rodgers presents no additional legal precedent to contradict this finding. The statute of limitations for this conspiracy charge is five years. 18 U.S.C. § 3282(a). The five-year statutory period does not begin to run until the objectives of the conspiracy have been accomplished or until the objectives have been abandoned. *United States v. Saadey*, 393 F.3d 669, 667 (6th Cir. 2005). A conspiracy does not require continuity of all co-conspirators. Co-conspirators can join at any time during the ongoing conspiracy and still be liable for acts performed before they join. The evidence connecting Rick-Rod to Big South Resources to Hydro & Green Global Energy to R&R Plus is the leadership of Mr. Rodgers himself. *United States v. Robinson*, 390 F.3d 853, 882 (6th Cir. 2004). Co-conspirators can also withdraw from the conspiracy without defeating the entire conspiracy. *Id*. The Government presented ample evidence that Mr. Rodgers was still recruiting investors and applying for drilling permits well after 2012. [R. 70; R. 72; R. 73; Government Exhibit 23A; Government Exhibit 23B; Government Exhibit 23C; Government Exhibit 23D.] Because the Sixth Circuit has already

determined that a conspiracy may continue without the continuity of all co-conspirators, Mr. Rodgers's argument that the overt acts of the conspiracy ended with the closing of Rick-Rod does not present a "close question" meriting his release. *See Robinson*, 390 F.3d at 882.

### III

While the Court understands that a favorable decision by the Sixth Circuit would result in a reversal or a reduced sentence, such is true for all defendants appearing before this Court. Mr. Rodgers is also required to demonstrate that the question of law or fact on appeal is substantial: one that is "close" and could "go either way." Here, on the issue of whether overt acts continued after December 6, 2012, Mr. Rodgers has failed to meet that burden. The court finds no substantial questions of law that would merit release pending appeal. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Defendant Ronnie C. Rodgers's Motion for Release Pending Appeal [**R. 85**] is **DENIED**.

This the 1st day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge